# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10cv42

| | |
|---|---|
| YOLANDA DOUGLAS, | )
| Plaintiff, | )
| Vs. | ) ORDER
| US AIRWAYS GROUP, INC.; RICKY JORDAN; CAROL WILSON; TAMARA IMOBERSTEG; JAMIE PAQUIN; and ANN HARDWOOD, | )
| Defendants. | ) |

**THIS MATTER** is before the court on defendants' Motion to Dismiss. Having considered defendants' motion and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

**I.  Background**

Plaintiff, proceeding *pro se*, filed this action on February 2, 2010, contending that she was discriminated and retaliated against based on her race as to her employment in 2005, all in violation of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"). Plaintiff also asserts a state law claim for assault, which she states in her response is not a separate cause of action, but part of her Title VII claim. Response, p. 14.

Defendants have moved to dismiss this action under Rule 12(b)(6), Federal Rules of Civil Procedure. They contend that plaintiff: (1) failed to exhaust her administrative remedies; (2) failed to file this action within the time allowed by the statute of limitations; and (3) she failed to assert a claim against her employer as the named corporate defendant did not employ plaintiff.[1]

---

[1] Defendants have also moved to dismiss plaintiff's supplemental state-law claim for assault as time barred. Plaintiff has conceded in her response that no state law claim for assault has been alleged and that allegations concerning assault are part of her Title VII claim.

-1-

## II. Applicable Standard

While defendants have moved under Rule 12(b)(6) to dismiss the Complaint, see Motion to Dismiss, at p. 1, which is applicable to the statute of limitations argument and the argument that US Airways, Inc., is not her employer, the court finds that Rule 12(b)(1) also comes into play inasmuch as defendants are contending that plaintiff failed to exhaust her administrative remedies , which is jurisdictional.

### A. Rule 12(b)(1) Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion

---

The court will, therefore, not address defendant's motion to dismiss such state-law claim as none is asserted.

for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### B. Rule 12(b)(6) Standard

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

−3−

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief"

that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555.

### C. Consideration of *Pro Se* Pleadings

Although district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of Twombly and Bass, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

### III. Discussion

#### A. Failure to Exhaust Administrative Remedies

Attached to her Complaint, plaintiff has provided an "Incident Timeline," Complaint, Ex. A, which shows the last allegedly adverse action taken by her employer occurring on September 19, 2005. Id. The timeline further indicates that she resigned from her employment on October 26, 2005. Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on October 22, 2009. Defendants' Memorandum in Support, Ex. 2. The EEOC denied it as untimely and issued a right to sue letter on October 28, 2009. Complaint, Ex. 2. Plaintiff admits that she received the notice on November 2, 2009. Complaint,

¶ C4. It is undisputed that plaintiff filed this action on February 2, 2010, and that her deadline for such filing was February 1, 2010. Based on such timeline of events, defendants first contend that plaintiff failed to exhaust her administrative remedies by filing a timely charge of discrimination within 180 days of the last allegedly unlawful act.

In response, plaintiff contends that she did file a charge of discrimination on June 30, 2005; however, the only evidence she has is an intake questionnaire which contains no signature by an EEOC employee, no intake stamp, and no demand for action. Such a document will, however, only be considered to be a prerequisite charge of discrimination if it can "reasonably be construed to request agency action and appropriate relief on the employee's behalf." Holowecki v. Fed. Express Corp., 552 U.S. 389, 404 (2008). A questionnaire that does not evince an intent to invoke the EEOC's investigative and remedial process does not constitute a charge of discrimination. EEOC v. Freeman, 2010 WL 1728847, *7 (D.Md. Apr. 26, 2010).[2] Thus, the alleged 2005 charge does not alter the analysis.

Plaintiff also argues that because defendants cooperated with an ongoing criminal investigation conducted by state authorities concerning her alleged abuse of free flight passes, which did not end until state authorities dismissed the charges in 2009, and that defendants' cooperation constitutes continuing acts of illegal retaliation. It is undisputed that defendants turned over the issue concerning flight passes to law enforcement authorities on September 27, 2005. (#17-5).

> The continuing violation theory allows for consideration of incidents that occurred outside the time bar when those incidents are part of a single, ongoing pattern of discrimination . . . .

Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007). Clearly, the last incident that relates to the criminal investigation is the turning over of the matter to state prosecutors in September 2005; the prosecutor's decision in 2009 to terminate such investigation or dismiss the

---

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

charges cannot be considered part of a single, ongoing pattern of discrimination by defendants.

Defendants have also moved to dismiss as to the individual defendants because they are not properly parties under Title VII. In <u>Lissau v. Southern Food Service, Inc.</u>,159 F.3d 177 (4th Cir. October 28, 1998), the Court of Appeals for the Fourth Circuit held that a supervisory employee is not an "employer" subject to Title VII liability.

The corporate defendant has moved to dismiss because it was not plaintiff's employer; rather, plaintiff was employed by Piedmont Airlines, Inc.

Likewise, the plaintiff's state claim for assault was filed some four years after the alleged assault occurred in 2005, well in excess of North Carolina's three year statute of limitations for such claim.

Thus, the court concludes that it lacks jurisdiction over plaintiff's claims as she failed to first exhaust her administrative remedies by filing a timely charge of discrimination. This action will be dismissed in an accordance with Rule 12(b)(1) for lack of jurisdiction.

### B. Statute of Limitations

Defendants also contend that even if plaintiff exhausted his administrative remedies, plaintiff failed to file this civil action within the 90 day period of limitations. Title VII creates a ninety-day statute of limitations in which an individual may file a civil action. <u>Watts-Means v. Prince-George's Family Crisis Ctr.</u>,7 F.3d 40, 42 (4th Cir. 1993). Inasmuch as plaintiff admits that she received the right to sue letter on November 2, 2009, and does not dispute that she filed this action on February 2, 2010, it is clear through application of Rule 6(a) that plaintiff filed this action on the 91st day. Plaintiff's argument that she mistakenly believed that holidays were excludable is unavailing as a matter of law. Rule 6(a) provides in relevant part as follows:

> **(a) Computing Time.**
> The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
> **(1) Period Stated in Days or a Longer Unit.**
> When the period is stated in days or a longer unit of time:
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays,

>       and legal holidays; and
>   (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.
>
> * * *

Fed.R.Civ.P. 6(a). Thus, holidays are only excludable when they occur on the last day of the period.[3]

In this case, the 90th day fell on Sunday, January 31, 2010, making Monday, February 1, 2010, the last possible day for commencing this action. Because the action was filed on February 2, 2010, it was untimely filed by one day. While not argued by the plaintiff, the court has confirmed with the Clerk of this Court that its office was neither closed nor inaccessible on Monday, February 1, 2010. Fed.R.Civ.P. 6(a)(3). In addition to granting defendants' Rule 12(b)(1) motion, the court will, in the alternative, grant defendants' Motion to Dismiss under Rule 12(b)(6) as this action is time barred as a matter of law.

### C. Dismissal of the Corporate Defendant

Defendants contend that plaintiff has sued the wrong entity as it was not her employer. Defendants contend and have presented evidence in the form of declarations indicating that a wholly owned subsidiary of US Airways Group, Inc. -- Piedmont Airlines, Inc. (hereinafter "Piedmont") -- actually employed plaintiff. In <u>Johnson v. Flowers Industries, Inc.</u>, 814 F.2d 978, 981 (4th Cir. 1987), which dealt with determining whether a business had the requisite number of employees to be governed by Title VII, the Court of Appeals for the Fourth Circuit instructs that the employees of the parent corporation may be counted when the parent corporation hired and fired the employees of the subsidiary, transferred employees between its subsidiaries, and supervised daily operations of the subsidiaries. Relevant to the inquiry here, the <u>Johnson</u> court held that "the parent company

---

[3] Rule 6(a) was amended between the time plaintiff received the right to sue notice and the time she filed this action. Those changes had no impact on this matter as under the previous version of the rules intervening holidays were only excludable for time periods of less than 11 days. Fed.R.Civ.P. 6(a) (pre December 1, 2009).

can be the employer of a subsidiary's workers if it exercises excessive control . . . ." Id., at 981. In assessing control, relevant inquiries include: (1) the interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. Id.; Baker v. Stuart Broadcasting Co., 560 F.2d 389, 392 (8th Cir.1977).

While defendants have provided the court with considerable discussion of state law concerning corporate identity, in Cilecek v. Inova Health System Services, 115 F.3d 256 (4th Cir. 1997), the Court of Appeals for the Fourth Circuit held:

> In order to establish a uniform nationwide application of the terms "employer," "employee," and "scope of employment" for purpose of applying federal statutes, *Reid* instructs that we rely on "the general common law of agency" and not the law of a particular state. And to determine the general common law of agency, the Court notes that it has traditionally looked to sources such as the Restatement of Agency.

Id., at 259 (citations omitted). The Restatement 3d of Agency provides that "an employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of work." REST 3d AGEN § 7.07. The court can find no definition in the 3d Restatement of "employer," but in reading the definition of employee, an "employer" can be defined as one who controls or has the right to control the manner and means of the employee's performance of work.

Review of the Foose declaration reveals that the named parent corporation does not control the day-to-day employment decisions of the subsidiary, including decisions relating to firing, discipline, and termination. Foose Declaration, at ¶¶ 3-4. Further, the same declaration indicates that the parent corporation had nothing to do with decisions regarding plaintiff's employment with Piedmont. Id., at ¶ 10.

Thus, the court will grant in the alternative the Motion to Dismiss the corporate defendant as there are no plausible facts alleged that the named defendant was her employer.[4]

---

[4] The court notes that the individual defendants would be subject to dismissal as it is clear that they were not plaintiff's employer under Title VII. In Lissau v. Southern Food Service, Inc.,159 F.3d 177 (4th Cir. October 28, 1998), the Court of Appeals for the Fourth

-9-

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#12) is **GRANTED,** and this action is **DISMISSED** with prejudice for the reasons discussed above.

**Advice of Appellate Rights**

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised that he has the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: May 9, 2011

Max O. Cogburn Jr.
United States District Judge

---

Circuit held that a supervisory employee is not an "employer" subject to Title VII liability. As defendants have not raised the issue, the court will not reach such issue as the action other appears subject to dismissal in its entirety on other grounds.